IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIQUEZ McCAA, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:16-CV-467-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Cedriquez McCaa's ("McCaa") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Doc. # 1.[1]

## I. BACKGROUND AND PROCEDURAL HISTORY

On April 7, 2011, McCaa pleaded guilty under a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Doc. # 8-8. A conviction under § 922(g)(1) normally carries no mandatory minimum penalty and a statutory maximum sentence of 10 years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA imposes a mandatory minimum sentence of 15 years' imprisonment when a defendant who violates § 922(g) has three prior convictions for either violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). McCaa's presentence

---

[1] References to document numbers (Doc. #(s)) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

investigation report ("PSI") indicated that he had numerous prior convictions, several of which were for felonies. Doc. # 8-17 at 7–10. Among McCaa's prior felony convictions were four 2003 convictions in Alabama for first-degree robbery; a 2003 Alabama conviction for discharging a firearm into an occupied building; and a 2003 Alabama conviction for third-degree burglary. *Id.* at 8–10, ¶¶ 28–31. The PSI indicated that McCaa was subject to sentence enhancement under the ACCA because he had the requisite number of prior convictions for violent felonies. *Id.* at 7, ¶ 23; *id.* at 15, ¶ 54.

McCaa's sentencing hearing was held on November 18, 2011. Doc. # 8-11. After adopting the factual statements in the PSI and finding that McCaa had at least three prior qualifying convictions triggering application of the ACCA, the district court sentenced McCaa under the ACCA to 188 months in prison. *Id.* at 12–13 & 36. The district court entered the judgment on November 22, 2011. Doc. # 1-1 at 1. McCaa took no appeal.

On June 21, 2016, McCaa filed this § 2255 motion presenting claims that his sentence was improperly enhanced under the ACCA because (1) under the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), his prior Alabama convictions for first-degree robbery, discharging a firearm into an occupied building, and third-degree burglary do not qualify as "violent felonies" for purposes of the ACCA; and (2) the Government failed to establish that the offenses underlying his four 2003 Alabama convictions for first-degree robbery occurred on separate occasions. Doc. # 1.

For the reasons that follow, it is the recommendation of the Magistrate Judge that McCaa's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II.  DISCUSSION

### A.  McCaa's *Johnson* Claim

McCaa argues that his sentence was improperly enhanced under the ACCA because under the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), his prior Alabama convictions for first-degree robbery, discharging a firearm into an occupied building, and third-degree burglary do not qualify as "violent felonies" for purposes of the ACCA.  Doc. # 1 at 4–7.

In *Johnson,* which was decided on June 26, 2015, the Supreme Court determined that the definition of "violent felony" under the ACCA's so called "residual clause," 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  *See* 135 S. Ct. at 2557–59, 2563. In April 2016, in *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.[2]  136 S.Ct. at 1264–65.

Under the ACCA, an individual who violates 18 U.S.C. § 922(g) and has three prior convictions for either violent felonies or serious drug offenses is subject to a mandatory minimum sentence of 15 years' imprisonment.  18 U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[2] Subsection (3) of 28 U.S.C. § 2255(f) reopens AEDPA's one-year limitation period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Because McCaa asserted his *Johnson* claim within one year after the Supreme Court's June 26, 2015 decision in *Johnson*, it is timely presented to this court.

3

>    (ii) is burglary, arson, or extortion, involves use of explosives; *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).[3] The first prong of this definition, § 924(e)(2)(B)(i), is commonly known as the "elements clause." *See In re Sams*, 830 F.3d 1234 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part (italicized above) is known as the "residual clause." *Id.*

In *Johnson,* the Supreme Court held that the ACCA's residual clause—i.e., the language covering offenses that "present[ ] a serious potential risk of physical injury to another"—is unconstitutionally vague. 135 S. Ct. at 2563. The Court reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id*. at 2557. After *Johnson,* only the ACCA's enumerated offenses clause and elements clause remain intact.[4]

### 1.    McCaa's Prior Robbery Convictions

---

[3] For purposes of this Recommendation, the court cites and considers the ACCA as it existed at the time of McCaa's sentencing.

[4] The Court in *Johnson* stated, "Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." 135 S. Ct. at 2563.

McCaa argues that his Alabama robbery convictions did not qualify for use as ACCA enhancers because robbery is not an offense listed under the ACCA's enumerated offenses clause and the Alabama robbery statute does not require the use or threatened use of force, a requisite of the ACCA's elements clause. Doc. # 1 at 6–7. Thus, McCaa contends that the district court relied on the ACCA's now-invalid residual clause—in violation of *Johnson*—in counting his Alabama convictions for first-degree robbery as violent felonies and qualifying convictions triggering application of the ACCA.[5] *Id.*

McCaa's *Johnson* claim on his robbery convictions entitles him to no relief. The Eleventh Circuit has held that an Alabama robbery conviction categorically "qualifies as a predicate offense under the elements clause [of the ACCA] because it requires force with the intent to overcome physical resistance." *In re Welch*, 884 F.3d 1319, 1324 (11th Cir. 2018) (alteration supplied); *see also* § 13A-8-41(a), Ala. Code 1975 ("A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he: (1) Is armed

---

[5] There is nothing in the record of McCaa's sentencing proceedings to indicate which clause of § 924(e)(2)(B) the district court relied on to find McCaa's prior robbery convictions qualified for ACCA enhancement. For *Johnson* claims, the Eleventh Circuit has clarified the framework for determining whether a sentence was enhanced under the ACCA's residual clause:

> To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016). Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

*Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (footnote omitted).

5

with a deadly weapon or dangerous instrument; or (2) Causes serious physical injury to another."); § 13A-8-43(a), Ala. Code 1975 ("A person commits the crime of robbery in the third degree if in the course of committing a theft he: (1) *Uses force* against the person of the owner or any person present with intent to overcome his physical resistances; or (2) *Threatens the imminent use of force* against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.") (emphasis supplied). Because binding Eleventh Circuit precedent—*Welch*, 884 F.3d at 1324—holds that an Alabama robbery conviction is categorically a violent felony under the ACCA's elements clause, the district court could properly rely on McCaa's robbery convictions as ACCA enhancers.

### 2. *McCaa's Other Prior Convictions*

McCaa also argues that the district court relied on the ACCA's now-invalid residual clause in contravention of *Johnson* in counting his prior Alabama convictions for discharging a firearm into an occupied building and third-degree burglary as violent felonies usable for ACCA enhancement. Doc. # 1 at 4–6. McCaa notes that, at the time of his sentencing, courts had held that that convictions for like offenses qualified as violent felonies under the residual clause.[6] *Id.* at 5. However, because McCaa's four prior convictions for first-degree robbery were sufficient in his case to support the ACCA

---

[6] As with McCaa's robbery convictions, there is nothing in the record of McCaa's sentencing proceedings to indicate which clause of § 924(e)(2)(B) the district court relied on to find McCaa's prior convictions for discharging a firearm into an occupied building and third-degree burglary qualified for ACCA enhancement.

enhancement—which requires at least three prior convictions for violent felonies—this court pretermits discussion of McCaa's claim that the district court improperly counted his convictions for discharging a firearm into an occupied building and third-degree burglary[7] as violent felonies usable for ACCA enhancement.

## B.     Commission of Robbery Convictions on Different Occasions

McCaa claims that the Government failed to establish that the offenses underlying his four Alabama convictions for first-degree robbery occurred on separate occasions. Doc. # 1 at 7–8.  The Government correctly argues that this claim is time-barred under the one-year limitation period for filing § 2255 motions.[8]  *See* Doc. # 8 at 17–18.

---

[7] While the matter is not essential to resolution of McCaa's § 2255 motion (because McCaa's four robbery convictions were sufficient to trigger application of the ACCA), this court would note that, at the time of McCaa's 2011 sentencing, there was authority demonstrating that a sentencing court could rely on the ACCA's enumerated offenses clause to find that an Alabama third-degree burglary conviction was a violent felony under the ACCA. *See United States v. Moody*, 216 F. App'x 952, 953 (11th Cir. 2007) (discussed in *Morman v. United States*, 2018 WL 3552337, at *7 (M.D. Ala. July 24, 2018)). Thus, the case law was not clear at the time of sentencing that only the residual clause would authorize a finding that McCaa's third-degree burglary conviction was a violent felony. McCaa's burglary conviction involved his burglary of a residence. *See* Doc. # 8-17 at 9, ¶ 30. If called upon to make a finding on this question (which, as indicated, the court considers unnecessary in this case), the court would find that McCaa fails to demonstrate that the district court relied solely on the residual clause, as opposed to also or solely relying on the enumerated offenses clause, to qualify his Alabama burglary conviction as a violent felony. *See Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (clarifying framework for determining whether a sentence was enhanced under the ACCA's residual clause).

[8] The timeliness of McCaa's *Johnson* claim does not render this claim timely, because this claim is not based on *Johnson* or any new right recognized and made retroactive by any other Supreme Court decision. The AEDPA statute of limitations applies on a claim-by-claim basis. *Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013) (citation omitted) (stating, "We are 'confident Congress did not want to produce' a result in which a timely claim 'miraculously revive[s]' untimely claims…. Accordingly, we hold that the statute of limitations in AEDPA applies on a claim-by claim basis in a multiple trigger date case."); *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) ("If a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision. If a particular claim does not depend on that new decision, that claim is untimely and must be dismissed.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for § 2255 motions. Specifically, § 2255 provides that the one-year limitation shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For federal criminal defendants who do not appeal from a conviction, a judgment of conviction becomes final when the time for filing an appeal expires. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).

Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure a criminal defendant must file a notice of appeal within 14 days after the district court judgment being appealed. McCaa did not appeal his instant conviction to the Eleventh Circuit. As a consequence, his conviction became final on December 6, 2011, when the 14-day period for him to file an appeal from the district court's November 22, 2011 judgment expired. McCaa had one year from that date, until December 6, 2012, to timely file a § 2255 motion. McCaa did not file his § 2255 motion raising his non-*Johnson* claim until June 21, 2016, over three years after the expiration of the one-year limitation. Consequently, this claim is time-barred under § 2255(f)(1).

8

McCaa sets forth no facts or argument to establish that he may use § 2255(f)(2), § 2255(f)(3), or § 2255(f)(4) to provide a triggering date for statute of limitations purposes on this claim. Specifically, McCaa does not allege or show that some unconstitutional governmental action impeded him from filing his § 2255 motion at an earlier date, *see* § 2255(f)(2); or that this claim is based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* § 2255(f)(3); or that the facts supporting this claim could not have been discovered earlier through exercising due diligence, *see* § 2255(f)(4). Because none of the alternative commencement dates provided by § 2255(f)(2), (3), and (4) apply in McCaa's case, his non-*Johnson* claims is untimely, precluding federal review absent a demonstration of equitable tolling.

To establish eligibility for equitable tolling of AEDPA's limitation period, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). McCaa neither alleges nor shows he is entitled to equitable tolling to extend the limitation period in his case. Thus, he cannot avail himself of the benefits of equitable tolling.

Because the alternative commencement dates provided by § 2255(f)(2), (3), and (4) or by application of equitable tolling do not apply to McCaa's non-*Johnson* claim, the timeliness of this claim in McCaa's motion is calculated from December 6, 2011, the date

9

that his conviction became final.  *See* 28 U.S.C. § 2255(f)(1).  McCaa's non-*Johnson* claim raised in his § 2255 motion, filed on June 21, 2016, is untimely, precluding federal review of the claim.

Even if reviewed by this court, McCaa's non-*Johnson* claim entitles him to no relief, because it lacks merit.  To qualify for use in ACCA enhancement, "prior convictions must have arisen from 'separate and distinct criminal episode[s]' and be for 'crimes that are temporally distinct.'" *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017) (quoting *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010)).  In evaluating whether crimes were committed on different occasions, "so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998); *see Longoria*, 874 F.3d at 1281.  Distinctions in the timing and location of the events in question are central to the determination that they are "separate and distinct criminal episodes." *See Sneed*, 600 F.3d at 1333.

At McCaa's November 18, 2011 sentencing hearing, the Government presented transcripts from McCaa's 2003 Montgomery County, Alabama guilty plea proceedings reflecting that McCaa pleaded guilty to four separate robberies of four different individuals working at four different businesses, occurring on four different dates in June and July 2002.  Doc. # 8-11 at 8–12; Docs. # 8-13 & 8-14.  These documents offered by the Government were sufficient to establish that each of McCaa's four prior robbery convictions "arose out of a separate and distinct criminal episode" and that the crimes were temporally distinct.  *See United States v. Felix*, 715 F. App'x 958, 963 (11th Cir. 2017)

10

(For purposes of enhancement, "[t]he Government bears the burden of proving by a preponderance of the evidence that the prior convictions 'arose out of a separate and distinct criminal episode.'") (quoting *Sneed*, 600 F.3d at 1329). The documents offered by the Government were also the sort of documents approved of by the Supreme Court in *Shepard v. United States*, 544 U.S. 13 (2005). *See Felix*, 715 F. App'x at 963–64 (To prove that the prior offenses occurred on separate occasions, the Government must use *Shepard*-approved documents, "such as the charging documents, plea agreements and colloquies, or jury instructions.").

The Government properly proved that each of McCaa's four prior robbery convictions arose out of a separate and distinct criminal episode. Each of the four robbery convictions could therefore be counted as a separate prior violent felony usable to enhance McCaa's sentence under the ACCA.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be DENIED and this case DISMISSED with prejudice, because:

1. McCaa's claim for relief under *Johnson v. United States* is without merit.

2. McCaa's non-*Johnson* claim (a) is untimely under the limitation period in 28 U.S.C. § 2255(f) and (b) lacks merit.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before December 21, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

11

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 7th day of December, 2018.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE