IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CEDRIQUEZ McCAA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-467-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On December 7, 2018, the Magistrate Judge filed a Recommendation (Doc. # 14) that Petitioner's 28 U.S.C. § 2255 motion be denied with prejudice. On December 21, 2018, Petitioner Cedriquez McCaa filed timely objections. (Doc. # 16.) Based upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b), the court finds that Petitioner's objections are due to be overruled and that the Recommendation is due to be adopted.

Following binding Eleventh Circuit precedent, the Magistrate Judge determined that Petitioner's prior Alabama convictions for first degree robbery categorically qualified as predicate offenses under the elements clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The Magistrate Judge further found that any argument that Petitioner's four robbery convictions did not qualify as

separate offenses was time-barred and otherwise without merit because the robberies occurred on different days, at different locations.

Petitioner acknowledges, as he must, that, in March 2018, the Eleventh Circuit held that an Alabama conviction for first degree robbery is categorically a crime of violence under the ACCA element's clause. *In re Welch*, 884 F.3d 1319, 1324 (11th Cir. 2018) (denying the petitioner's application for leave to file a second or successive § 2255 motion); *see also United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018) (reiterating that "our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions. In other words, published three-judge orders issued under [28 U.S.C.] § 2244(b) are binding precedent in our circuit." (citation and internal quotation marks omitted; alteration added)). Petitioner posits, however, that the *Welch* and *St. Hubert* decisions were "wrongly decided" and should not apply to the present case. (Doc. # 16, at 21–22.) Right or wrong, though, these decisions bind this court and foreclose Petitioner's *Johnson* claim. Petitioner also contends that the *Welch* decision "does not control" because its holding is "irrelevant to the *Beeman* historical fact inquiry." (Doc. # 16, at 17 (citing *Beeman v. United States*, 871 F.3d 1215, 1224 (11th Cir. 2017).) Another district court in this circuit has rejected this argument, and so does this court. *See Player v. United States*, No. 2:16-CV-8147-CLS, 2018 WL 6019462, at *4 (N.D. Ala. Nov. 16, 2018) (finding that

"the *Welch* decision represents not only the current state of the law, but also the state of the law in 1998, when Player was sentenced" and that "*Welch* merely resolved" any ambiguity in the law as to whether in 1998 Player's "prior convictions for Alabama robbery would have been considered under the elements clause of the ACCA, the residual clause, or possibly both"); *Marks v. United States*, No. 2:06-CR-250-CLS-SGC, 2018 WL 6001023, at *3–4 (N.D. Ala. Nov. 15, 2018) (accord). Petitioner's remaining arguments are similarly without merit or are irrelevant because his four robbery convictions serve as the necessary predicate offenses under the ACCA. Accordingly, it is ORDERED as follows:

1. Petitioner's objection (Doc. # 16) is OVERRULED.

2. The Recommendation (Doc. # 14) is ADOPTED.

3. This action is DISMISSED with prejudice.

Final judgment will be entered separately.

DONE this 4th day of February, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE